**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 05 080 T

JOSEPH A. SWEENEY, :
Plaintiff :
: C.A. NO.:
vs. :
:
UNITED STATES OF AMERICA, : JURY TRIAL DEMANDED
Defendant :

## VERIFIED COMPLAINT

### I. NATURE OF THE ACTION

In this civil action, the Plaintiff, Joseph A. Sweeney, claims damages from the Defendant, the United States of America, pursuant to federal law and the Federal Tort Claims Act, as amended (28 U.S.C. §2671, *et seq*.). The jurisdiction of this Court is invoked to provide damages for personal injuries caused by the negligent and wrongful acts and omissions of federal employees while acting within the scope of their employment, under circumstances where the Defendant, if a private person, would be liable to Plaintiff in accordance with the law of the State of Rhode Island.

### II. PARTIES, JURISTICTION AND VENUE

1. The Plaintiff, Joseph A. Sweeney, is a citizen of the United States and resides at 108 Warner Street, Apt. 1, in the City of Newport, County of Newport, and State of Rhode Island.

2. The Defendant, the United States of America (Department of the Navy) is, and, at all times relevant hereto, was the employer of the Plaintiff at Naval Station Newport, Newport, Rhode Island.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b).

4. The Plaintiff filed an administrative Complaint with the Navy Legal Service Office, Mid-Altantic Division, on or about August 4, 2004, and thereafter, at the request of the Navy Legal Service Office, forwarded his Complaint to the U.S. Office of Special Counsel. The Plaintiff has not received a final disposition of his Complaint within six months of having presented them to the Navy Legal Service Office, and therefore, considers it denied pursuant to 28 U.S.C. § 2675(a).

## III. FACTUAL ALLEGATIONS

1. At all times relevant hereto, Plaintiff is, and was an employee of the Defendant in a civil service capacity as Paralegal Specialist at Naval Station Newport, Newport, Rhode Island ("Naval Station Newport").

2. At all times relevant hereto, Ruth Cooper ("Cooper") was a Captain of the United States Navy ("Navy"), and the Commanding Officer at Naval Station Newport.

3. At all times relevant hereto, until his removal in or about October 2002, Lieutenant Thomas Rutledge ("Rutledge") was the Staff Judge Advocate ("SJA") at Naval Station Newport.

4. While employed as the SJA, Rutledge was Plaintiff's immediate supervisor and reported directly to Cooper.

5. At all times relevant hereto, Plaintiff's job performance was satisfactory.

6. In or about the fall of 2001, Plaintiff began complaining to the chain of command at Naval Station Newport about Rutledge's operation of a private real estate business from the SJA's office, which is a violation of federal law; the Chain of command refused to stop Rutledge's illegal activities.

7. In or about the fall of 2001, Cooper began a campaign against Plaintiff designed to destroy his career and self-worth; Cooper ordered Rutledge to isolate Plaintiff from his senior officers and co-workers, and instructed Rutledge to disallow Plaintiff contact with clientele and personnel seeking and providing legal support to Naval Station Newport, the tenant commands, and the Naval War College.

8. At all times relevant hereto, Cooper's subordinates, including without limitation, Executive Officer, Commander James Cunha ("Cunha"), Master Chief Bruce White ("White"), and Rutledge fully cooperated in Cooper's campaign to destroy Plaintiff's career and self-worth.

9. At all times relevant hereto, Cooper used her subordinates to torment, shun, isolate, and verbally assail, embarrass, humiliate and unjustly suspended Plaintiff.

10. In or about December 2001, Cooper publicly disparaged Plaintiff's character by referring to him as a "homosexual".

11. In or about February of 2002, Cooper informed subordinates to "stay away from" Plaintiff, and stated that Plaintiff "is a loser" and he "is not going to have a job for very long."

12. As a result of the actions of Cooper, Plaintiff was severely curtailed in his ability to perform his job as a Paralegal Specialist at Naval Station Newport.

13. As a result Cooper's actions directed against Plaintiff, including without limitation the isolation, Plaintiff suffered clinically diagnosed severe depression and lost time from work.

14. In or about the winter of 2002, Plaintiff complained to his superiors Cunha and White, through the chain of command in the Navy, that Cooper was violating the laws, rules and regulations of the Navy, abusing her authority, and grossly wasting federal funds.

15. The agents and employees of the Defendant, including Cooper's superiors in Groton, Connecticut and Washington, D. C., knew about the transgressions that Cooper had directed against Plaintiff and did nothing to stop Cooper, despite repeated notices and requests for help.

16. On or about April 9, 2002, under Cooper's orders, Rutledge served Plaintiff with a "Notice of Proposed Five (5) Day Suspension".

17. On or about April 10, 2002, Plaintiff filed a complaint with the Department of Defense, Inspector General, in which he further detailed Rutledge's operation of his private real estate business out of the SJA's office, with approval from Cooper and Executive Officer, Commander James Cunha ("Cunha") (hereinafter referred to as "Plaintiff's Complaint").

18. Eight days later, on or about April 18, 2002, Cooper suspended Plaintiff from work from April 23, 2002 through April 25, 2002.

19. On or about June 25, 2002, the Navy Region Northeast Office of the Inspector General ("Region") initiated an investigation into the subject matter of Plaintiff's Complaint; Cooper was given notice of the investigation.

20. One day later, on or about June 26, 2002, Cooper had Plaintiff served with a "Notice of Proposed Removal".

21. During the two (2) month interval between the filing of Plaintiff's Complaint and the Region's investigation, Plaintiff was subjected to an increasingly hostile work environment at Naval Station Newport, which included physical threats of bodily harm, causing him to breakdown, both physically and emotionally.

22. On or about September 17, 2002, Lieutenant Commander Dean Will ("Will"), Cooper's Executive Officer, subordinate, and confidante, acted on Cooper's behalf to substantiate the June 27, 2002 "Notice of Proposed Removal" for alleged "acts of misconduct".

23. Plaintiff was suspended from work for ten (10) days beginning September 18, 2002.

24. In or about the weekend of September 21, 2002, while Plaintiff was on suspension, Cooper ordered a demolition and renovation of the interior of Building 690, despite the fact it had recently been completely renovated in the prior year at a cost in excess of one million dollars.

25. As a result of this "demolition and renovation", Plaintiff was the only employee who lost his office.

26. The hostile work environment which caused Plaintiff's illness continued unabated upon his return from his September 2002 suspension.

27. On or about November 5, 2002, Will served Plaintiff with a "Notice of Suspension" based on an unauthorized absence from work on October 29, 2002.

28. This November 5, 2002 "Notice of Suspension" caused Plaintiff to become physically ill resulting in his having to take a leave of absence from work.

29. On or about April 16, 2003, Cooper sustained the November 5, 2002 "Notice of Suspension" and suspended Plaintiff from work for twenty-one (21) days from April 28, 2003 through May 18, 2003.

30. On or about August 4, 2003, the Navy hierarchy in Washington, D.C. (the superiors of the Region's investigators) finally launched an investigation into Cooper's command and the Regions prior investigative efforts. These new efforts coincided with the appointment of

Rear Admiral Joseph A. Walsh to replace Rear Admiral Michael C. Tracy as Commander, Naval Region Northeast.

31. Twenty-two days later, on or about August 26, 2003, as a result of the Navy's investigation of Plaintiff's complaints, Cooper was relieved of her command of Naval Station Newport for mismanagement of resources, creating a negative command climate, including an abusive and hostile work environment, poor leadership abilities, poor command morale, and questionable personnel actions.

## IV. CAUSES OF ACTION

### Count I
### Negligent Hiring/Supervision/Retention

33. Plaintiff realleges paragraphs 1 through 32 and incorporates the same herein by reference.

34. Prior to assigning Cooper as the Commanding Officer at Naval Station Newport, the Defendant had the duty and obligation to conduct a reasonable inquiry into to the past work performance of Cooper.

35. At all times material herein, the Defendant knew, or reasonably should have known, that Cooper was engaging in wrongful and unlawful behaviors described herein above.

36. At all times material herein, the Defendant knew, or reasonably should have known, that the conduct, acts, and failure to act of the Defendant, and its agents and employees, violated Plaintiff's rights under the law.

37. At all times material herein, the Defendant knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including without limitation, loss of sleep, loss

of work, loss of appetite and accompanying weight loss, loss of libido, anxiety, tension, depression, and humiliation.

38. At all times material herein, the Defendant had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of Cooper.

39. Despite said knowledge, power, and duty, the Defendant negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

40. As a direct and proximate result of the failure of the Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its supervisors, agents, or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failure to act.

41. As a direct and proximate result of the Defendants actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; he has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count II
Intentional Infliction of Emotional Distress

42. Plaintiff realleges paragraphs 1 through 41 and incorporates the same herein by reference.

43. Defendant engaged in extreme and outrageous conduct in that the Defendant, through its agents and employees, regularly and persistently tormented, shunned, isolated, and verbally assailed, embarrassed, humiliated and unjustly suspended Plaintiff, creating a hostile work environment, and, through agents and employees, abused its special position as Plaintiff's superiors, which vested them with substantial power to control his work environment and damage his interests and well-being, all to Plaintiff's detriment.

44. Through the conduct described above, agents and employees of Defendant acted with the intent to cause, or the reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

45. Defendant, through its agents and employees confirmed and ratified the conduct described herein with knowledge that Plaintiff's distress would increase, and did so with wanton and reckless disregard of the consequences to Plaintiff.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count III
Negligent Infliction of Emotional Distress

47. Plaintiff realleges paragraphs 1 through 46 and incorporates the same herein by reference.

48. Defendant engaged in negligent conduct in that the Defendant, through its agents and employees, regularly and persistently tormented, shunned, isolated, and verbally assailed, embarrassed, humiliated and unjustly suspended Plaintiff, creating a hostile work environment, and, through agents and employees, abused its special position as Plaintiff's superiors, which vested them with substantial power to control his work environment and damage his interests and well-being, all to Plaintiff's detriment.

49. Through the conduct described above, agents and employees of Defendant acted with the intent to cause, or the reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

50. Defendant, through its agents and employees, confirmed and ratified the conduct described herein with knowledge that Plaintiff's distress would increase, and did so with negligent disregard of the consequences to Plaintiff.

51. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment by health

professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count IV
Violations of Rhode Island Fair Employment Practices Act

52. Plaintiff realleges paragraphs 1 through 51and incorporates the same herein by reference.

53. At all relevant times hereto, Defendant had four (4) or more employees.

54. Defendant, through its agents and employees, discriminated against Plaintiff with respect to the terms and conditions of his employment, on the basis of their belief about Plaintiff's sexual orientation, which is a violation of the Rhode Island Fair Employment Practices Act (FEPA) (R.I. Gen. Laws § 28-5-7, *et seq.*).

55. Defendant, through its agents and employees, discriminated against Plaintiff because Plaintiff complained to the Command of Naval Station Newport that Rutledge was operating a private real estate business from the SJA's office, which is a violation of the Rhode Island Fair Employment Practices Act (FEPA) (R.I. Gen. Laws § 28-5-7, *et seq.*)

56. Defendant, through its agents and employees, discriminated against Plaintiff because he initiated an investigation by the Inspector General into the illegal acts of Rutledge conducted with the approval of Cooper, which is a violation of the Rhode Island Fair Employment Practices Act (FEPA) (R.I. Gen. Laws § 28-5-7, *et seq.*)

57. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment by health professionals, and for other incidental expenses, and such further and other relief as this Court may deem meet and just. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count V
Violations of Rhode Island Whistleblower's Act

58. Plaintiff realleges paragraphs 1 through 57 and incorporates the same herein by reference.

59. Defendant, through its agents and employees, retaliated against Plaintiff with regard to his terms and conditions of employment in violation of the Rhode Island Whistleblower's Act (R.I. Gen. Laws § 28-50-1, *et seq.*) because Plaintiff complained to the Command of Naval Station Newport that Rutledge was operating a private real estate business from the SJA's office.

60. Defendant, through its agents and employees, retaliated against Plaintiff with regard to his terms and conditions of employment in violation of the Rhode Island Whistleblower's Act (R.I. Gen. Laws § 28-50-1, *et seq.*) because Plaintiff initiated an investigation by the Inspector General concerning violations by Cooper and Rutledge of the laws, rules and regulations of the United States.

61. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; he has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

Count VI
Infringement of Right to Privacy

62. Plaintiff realleges paragraphs 1 through 61 and incorporates the same herein by reference.

63. Defendant, through its agents and employees, in violation of Rhode Island General Laws § 9-1-28.1, *et seq.* discussed private facts about the alleged nature of Plaintiff's sexual orientation with other of Defendant's agents and employees by referring to him as a "homosexual".

64. The alleged facts regarding Plaintiff's sexual orientation are not of legitimate concern to the public, and it is highly objectionable and offensive to make them public.

65. Defendant, through its agents and employees, in violation of Rhode Island General Laws § 9-1-28.1, *et seq.* published a false and fictitious fact which implied an association with Plaintiff and his sexual orientation that does not exist.

66. The association that was published concerning Plaintiff and his sexual orientation placed him in a false light, and is highly objectionable and offensive.

67. Defendant, through its agents and employees, had knowledge of or acted in reckless disregard as to the falsity of the publicized association concerning Plaintiff and his sexual orientation, and the false light in which Plaintiff would be placed.

68. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; he has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant plus interest and costs.

Respectfully submitted,

JOSEPH A. SWEENEY
By His Attorneys,

Dated: 18 FEB 05

Frances J. Flanagan, Esq., #4858
M. Elizabeth Stachura, Esq., #3640
SAYER REGAN THAYER & FLANAGAN
130 Bellevue Avenue, Unit 2
Newport, Rhode Island 02840
401-849-3040

VERIFICATION

I, the undersigned, on oath depose and state that I am the Plaintiff in this action, and having read the foregoing Verified Complaint do hereby swear to the truth of all the allegations contained therein, except as to those allegations which are stated to be upon information and belief, which allegations I believe to be true.

JOSEPH A. SWEENEY

Subscribed and sworn to before me at Newport, Rhode Island, this 18TH day of FEBWARY, 2005

Notary Public
Name: M. Elizabeth Stachura
My Commission Expires: 1/10/2009