UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH A. SWEENEY, Plaintiff, | : | CIVIL NO. 05-080 T |
| v. | : | |
| UNITED STATES OF AMERICA, Defendant. | : | JUNE 17, 2005 |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., the defendant, the United States of America, respectfully moves to dismiss this civil action in its entirety for lack of subject matter jurisdiction. In support of this motion, Defendant submits the accompanying memorandum of law.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

CAROLYN A. IKARI
SPECIAL ATTORNEY FOR THE
DISTRICT OF RHODE ISLAND
450 Main Street, Room 328
Hartford, Connecticut 06103
(860) 947-1101
(860) 240-3291 (facsimile)

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing motion was served via overnight delivery, postage prepaid, on this 17th day of June, 2005 on the following:

Francis J. Flanagan
Sayer, Regan & Thayer
130 Bellevue Avenue
Newport, Rhode Island 02840

CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH A. SWEENEY, | : | |
| Plaintiff, | : | CIVIL NO. 05-080 T |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | JUNE 17, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 12(a)(1) of the Local Rules, D.R.I., the defendant, the United States of America, respectfully submits this memorandum of law in support of its motion to dismiss.

**THE COMPLAINT**

Plaintiff brings this Federal Tort Claims Act suit for damages due to personal injuries he allegedly suffered in the course of his employment as a civilian employee of the Navy. Complaint, "Nature of the Action" at 1.

**Administrative Proceedings**

Plaintiff filed an administrative claim with the Navy on or about August 4, 2004. Complaint, ¶ 4. At the time this civil action was filed on February 23, 2005, the administrative claim had been pending for the requisite six months.[1] Complaint, ¶ 4.

---

[1] Contrary to the allegations of the Complaint, the Navy denied the administrative claim by letter dated February 17, 2005. The return receipt indicates Plaintiff did not receive it until February 28, 2005, after this action was filed. Under either scenario, Plaintiff's administrative remedies are properly exhausted for the claims in the administrative complaint accruing no more than two years prior. See 28 U.S.C. §§ 2401(b), 2675(a).

**Factual Allegations**

Plaintiff is a paralegal specialist at the Naval Station Newport. Complaint, ¶ 1. He alleges that his former commanding officer, Captain Ruth Cooper, and others, acting at her direction, instituted a "campaign against Plaintiff to destroy Plaintiff's career and self-worth," beginning in Fall 2001. Complaint, ¶¶ 7-9. This mistreatment included badmouthing and isolation, ¶ 11; threats of bodily harm, ¶ 21; and demolition of Plaintiff's office, ¶¶ 24-25. The employment actions Plaintiff complains of include suspensions, ¶¶ 16, 27, and attempted termination, ¶ 20. The public disparagement Plaintiff alleges chiefly arises from a single incident in which Cooper referred to him as a homosexual. Complaint, ¶ 10. Cooper's actions allegedly caused Plaintiff to suffer depression and time lost from work. Complaint, ¶ 13.

These incidents took place after Plaintiff lodged complaints about misconduct by superiors, including Cooper. Complaint, ¶¶ 6, 14, 17.

Plaintiff alleges generally that Cooper's superiors ignored Plaintiff's requests for relief from Cooper's misconduct. Complaint, ¶ 15. However, Plaintiff alleges that, as a result of his complaints, a Navy investigation resulted in Cooper being relieved of her command on August 26, 2003. Complaint, ¶ 31.

**Legal Allegations**

Count One alleges negligent hiring, supervision and retention.

Count Two alleges intentional infliction of emotional distress.

Count Three alleges negligent infliction of emotional distress.

Count Four alleges discrimination and other violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-7 et seq..

Count Five alleges retaliation in violation of the Rhode Island Whistleblower's Act, R.I. Gen. Laws § 28-50-1 et seq..

Count Six alleges false light invasion of privacy in violation of R.I. Gen. Laws § 9-1-28.1 et seq..

**STANDARD**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted if the plaintiff fails to establish jurisdiction. "Federal courts are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined by the Constitution; and (2) have been entrusted to them by a jurisdictional grant by Congress." 12 C. Wright & A. Miller, Federal Practice and Procedure §3522 (1984). See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978).

The party invoking federal jurisdiction has the burden of

proving its existence. Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). In deciding jurisdiction, the Court is to construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences. Murphy v. United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 515 U.S. 1144 (1995). The burden of proving jurisdiction is a particularly heavy one when the object of plaintiff's suit is the sovereign. See National Indian Youth Council v. Bruce, 485 F.2d 97, 99 (10th Cir. 1973), cert. denied, 417 U.S. 920 (1974).

If the district court concludes that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); Aroostook Band of Micmacs v. Ryan, 404 F.3d 48, 53 (1st Cir. 2005).

## ARGUMENT

### I. This Court Lacks Jurisdiction Over Plaintiff's Claims For Personal Injury Because They Are Covered By The Federal Worker's Compensation Scheme.

#### A. The Federal Tort Claims Act

Plaintiff's sole allegation of jurisdiction is that conferred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq.. Complaint, ¶ 3.

The FTCA offers a remedy for persons who are injured or who suffer a loss of property due to the negligent or wrongful act or omission of a Government employee acting within the scope of his

duties. 28 U.S.C.A. §§ 1346(b). It provides for tort liability under circumstances where the United States, if a private person, would be liable to the plaintiff/claimant according to the law of the place where the act or omission took place. 28 U.S.C.A. §§ 1346(b), 2674.

The FTCA contains a limited waiver of the sovereign immunity of the United States which must be strictly construed in favor of the United States. See, e.g., United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). The Supreme Court has scrupulously honored the FTCA's limited waiver of sovereign immunity. Dalehite V. United States, 346 U.S. 15, 17 (1953)("[O]ur decisions have interpreted the [FTCA] to require clear relinquishment of sovereign immunity to give jurisdiction to tort actions.").

Although Plaintiff has brought his complaint under the FTCA, his claims of personal injury are cognizable under a different federal statutory scheme, the Federal Employees Compensation Act , 5 U.S.C. § 8101 et seq. ("FECA"). The applicability of this legislation operates to divest this Court of jurisdiction to hear Plaintiff's claims under the FTCA.

### B. Federal Worker's Compensation Under the Federal Employee Compensation Act ("FECA")

#### 1. FECA Provides No-Fault, Quick And Certain Benefits For Federal Employees.

Under the FECA, Congress established a comprehensive

workers' compensation program for government workers that requires the United States to provide benefits for death or disability where an employee sustains personal injury in the performance of duty. 5 U.S.C. § 8102.[2] The FECA "is essentially an act of justice or of grace on the part of the United States, elaborately and carefully worked out, and designed to compensate, promptly, without litigation or expense, all employees injured while in discharge of duty. . . ." Dahn v. Davis, 258 U.S. 421, 431 (1922); see also Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983)(FECA provides "immediate, fixed benefits, regardless of fault").

The statute gives injured employees a right to disability benefits calculated upon their federal salaries and based upon the degree of their disability. See 5 U.S.C. §§ 8105-8106.[3] An injured employee is entitled to compensation for medical services, appliances, and supplies prescribed or recommended by a

---

[2] 5 U.S.C. § 8102(a) provides in pertinent part:

> The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is –
> (1) caused by willful misconduct of the employee;
> (2) caused by the employee's intention to bring about the injury or death of himself or of another; or
> (3) proximately caused by the intoxication of the injured employee.

[3] Those benefits may be augmented if the employee has dependents. See 5 U.S.C. § 8110.

qualified physician that are likely to cure, provide relief, or shorten the degree or length of the employee's disability. Id. § 8103. Under certain circumstances, the FECA also permits an employee to receive continuation of pay for up to 45 days while his disability claim is under review. See id. § 8118.

**2. FECA Is A Federal Employee's Exclusive Remedy For Injuries Sustained In Employment.**

The FECA provides the exclusive liability of the United States with respect to the injury or death of an employee, precluding all other liability of the government for damages in a direct judicial proceeding, in a civil action, in admiralty, in a judicial proceeding under a workers' compensation statute, or under a federal tort liability statute. 5 U.S.C. § 8116(c).[4]

> In enacting this provision, Congress adopted the principal compromise--the "quid pro quo"--commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue

---

[4] 5 U.S.C. § 8116(c)(emphasis added) provides in pertinent part:

> The liability of the United States . . . under this subchapter . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States . . . because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. . . .

the Government.

Lockheed Aircraft Corp. v. United States, 460 U.S. at 194.

Congress amended Section 7 of the FECA, codified at 5 U.S.C. § 8116(c), in 1949, three years after enactment of the FTCA. The legislative history of this amendment explains that Congress adopted it in order to close a gap under the law that permitted federal employees to receive double recovery under both the FECA and the FTCA for the same injuries. According to the Senate Report on the bill, Congress adopted the language codified in § 8116(c)

> to make it clear that the right to compensation benefits under the act is exclusive in place of any and all other legal liability of the United States or its instrumentalities of the kind which can be enforced by original proceeding whether administrative or judicial, in a civil action or in admiralty or by any proceeding under any other workmen's compensation law or under any Federal tort liability statute.

S. Rep. No. 81-836, 1st Sess. (1949), reprinted in 1949 U.S. Code Cong. & Ad. News 2125, 2135. The report noted that federal employees had frequently sought relief under the FECA and also sued the government and its instrumentalities under the Suits in Admiralty Act, the Public Vessels Act, and the FTCA. Because such duplicative actions caused considerable concern to such agencies and instrumentalities, Congress adopted the amendment to solve this problem. The report explains that:

> Since the proposed remedy would afford employees and their dependents a planned and substantial protection, to permit other remedies by civil action or suits would

> not only be unnecessary, but would in general be uneconomical, from the standpoint of both the beneficiaries involved and the Government.

Id. at 2136.

Thus, since 1949, "the Federal Employees' Compensation Act ('FECA'), 5 U.S.C. § 8101 et seq., is the exclusive avenue of redress for a federal employee's claim against the government for a work-related injury." Cooper v. Chao, 71 Fed. Appx. 76, 77 (1st Cir. 2003)(citation omitted)(copy attached).

The courts have construed the exclusivity of FECA strictly. The Third Circuit explained, "[w]here FECA applies, it unambiguously precludes 'all other liability of the United States' either 'under a workmen's compensation statute or under a Federal tort liability statute.' 5 U.S.C. s 8116(c)." DiPippa v. United States, 687 F.2d 14, 17 (3d Cir. 1982). Thus, a federal employee who is injured at work cannot sue the United States in court on any claim arising from the injury. E.g., Nasuti v. Scannell, 792 F.2d 264, 266 (1st Cir. 1986)(original FTCA suit against U.S. dismissed); Bolivar v. Director of F.B.I., 45 F.3d 423 (Table), 1995 WL 8858 at **3 (1st Cir. 1995)(noting FECA provides personal injury remedy for injury inflicted by superior)(copy attached); see Andrew M. Campbell, Annotation, Federal Compensation Acts, in Nature of Workers' Compensation Acts, as Affecting Recovery Against United States under Federal Tort Claims Act, 135 A.L.R. Fed. 143 at § 3[a] (1996); cf.

Cooper, 71 Fed. Appx. at 78 (rejecting purported constitutional claims); Vilanova v. United States, 851 F.2d 1, 7 (1st Cir. 1988)(Non-Appropriated Fund Instrumentality Act exclusivity provision identical to FECA's bars FTCA suit), cert. denied 488 U.S. 1016 (1989).

**3. Only The Secretary Of Labor Has Authority To Make Determinations Under FECA, And Such Authority Is Not Subject To Judicial Review.**

The Secretary of Labor is vested with authority to "administer, and decide all questions arising under" the FECA, 5 U.S.C. § 8145 (emphasis added), and to "prescribe rules and regulations necessary for the administration of [the program] including rules and regulations for the conduct of hearings." Id. § 8149. Pursuant to § 8145 of the statute, the Secretary has delegated the administration and implementation of the FECA to the Director, Office of Workers' Compensation Programs ("OWCP" or "Office"). 20 C.F.R. § 10.2.[5]

The FECA contains a provision that precludes judicial review

---

[5] The OWCP makes an initial determination of entitlement to benefits based upon an employee's application. See 5 U.S.C. §§ 8119-8124; see also 20 C.F.R. §§ 10.105-10.106, 10.108. Where OWCP makes a determination adverse to the claimant, the employee may exercise several methods of review. The claimant may (1) within 30 days of the OWCP decision, request a hearing before an OWCP hearing representative or request a written review of the record, 5 U.S.C. § 8124, 20 C.F.R. § 10.131; (2) within one year of the OWCP decision request reconsideration by a senior claims examiner, 5 U.S.C. § 8128, 20 C.F.R. § 10.128; or (3) within one year of the OWCP decision, file an appeal with the Employees' Compensation Appeals Board ("ECAB"). 20 C.F.R. § 10.139.

of the decisions of the Secretary of Labor on both factual and legal questions. The statute provides that the Secretary's decision to allow or deny payment under the FECA is "final and conclusive for all purposes and with respect to all questions of law and fact." 5 U.S.C. § 8128(b)(1). Further, the Secretary's decision is "not subject to review by another official of the United States or by a court by mandamus or otherwise." Id. § 8128(b)(2); 20 C.F.R. § 501.6(c).

**4. Because There Exists A Substantial Question As To The Plaintiff's Eligibility For FECA Benefits, This Court Lacks Subject Matter Jurisdiction To Entertain Plaintiff's FTCA Claims.**

". . . [T]he courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991).

The "substantial question" rule resolves the uncertain jurisdiction of the federal courts arising from the potential preemption of FTCA claims by FECA. Bruni v. United States, 964 F.2d 76, 78-79 (1st Cir. 1992). An injured employee may not bring an action against the United States under the FTCA when there is a substantial question as to FECA coverage. Id.; David v. United States, 820 F.2d 1038, 1044 (9th Cir. 1987); Wallace v. United States, 669 F.2d 947, 951-52 (4th Cir. 1982).

The test for "substantial question" is clearly defined: "A substantial question exists unless it is certain that the Secretary would not find coverage." Bruni, 964 F.2d at 79

(emphasis in original); White v. United States, 143 F.3d 232, 234 (5th Cir. 1998); Concordia v. United States Postal Serv., 581 F.2d 439, 442, reh'g denied, 585 F.2d 731 (5th Cir. 1978).

In the Bruni case, a Postal worker was murdered by a co-worker in the parking lot as she arrived at work. Postal management knew of the co-worker's harassing and threatening behavior toward Mrs. Bruni. Bruni, 964 F.2d at 77-78. Her widower sued pursuant to the FTCA under nine tort theories, including negligent supervision, negligent hiring and retention, and negligent infliction of emotional distress. Id. at 78. Case law authority diverged on the issue of FECA coverage when the injury occurs to an off-duty employee still in transit to work. Id. at 79-80. The Court of Appeals for the First Circuit found that there was a substantial question as to FECA coverage. As a result, there was a lack of jurisdiction. "Thus, the district court lacked subject matter jurisdiction as it cannot entertain a FTCA claim when there exists a substantial question as to [FECA coverage]." Id. at 80.

Because there exists a substantial question as to the plaintiff's eligibility for FECA benefits, this matter must be dismissed to allow Plaintiff to seek a determination from the Secretary of Labor about the plaintiff's eligibility for such benefits.

**5. The Lack Of Claimed Physical Injury Does Not Alter The Preemptive Effect Of FECA.**

In this case, Plaintiff does not allege any physical injury in the course of his employment. See the Complaint. FECA provides for compensation for disability or death resulting from "personal injury," without specifying emotional or psychological injury. 5 U.S.C. § 8102. Thus, there was a time when courts asserted subject matter jurisdiction over FTCA cases alleging only non-physical injuries, on the assumption the FECA did not cover those claims. Miller v. United States, 62 F.3d 1411 at *3 (Table)(1st Cir. 1995)(copy attached)(providing examples from "considerable body of caselaw"). At the same time, the Miller court observed that cases from the Sixth Circuit, Tenth Circuit, and lower courts decided the question the other way. The Miller court noted that the question whether FECA covers emotional injuries, resulting in a bar to FTCA actions, had not been settled here in the First Circuit. Id. at *3.

In the Miller case, the Court concluded that it was not necessary to answer the unsettled questions, because the court disposed of the appeal on other grounds. Id. at *3.

Since 1995, when the Miller court noted the opposing bodies of case law, courts have continued to follow the predominant trend acknowledging the Secretary of Labor's ability to award FECA benefits for emotional injury and the resulting lack of subject jurisdiction over FTCA claims for those injuries. Heilman v. United States, 731 F.2d 1104, 1111 n.6 (3d Cir. 1984);

Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir.), cert. denied, 531 U.S. 875 (2000); McDaniel v. United States, 970 F.2d 194, 197-98 (6th Cir. 1992); Figueroa v. United States, 7 F.3d 1405, 1408 (9th Cir. 1993), cert. denied, 511 U.S. 1030 (1994); Tippetts v. United States, 308 F.3d 1091, 1094-95 (10th Cir. 2002); see Campbell, supra, at § 5.

Given this trend toward coverage of emotional injury claims under FECA, it is entirely possible that Plaintiff's injuries are covered under that scheme, barring this FTCA action.

**6. Because It Is Far From Certain That The Secretary Of Labor Would Not Find FECA Coverage, This Matter Must Be Dismissed To Allow The Secretary Of Labor To Determine Such Eligibility.**

The dispositive question, then, is whether the work-related injuries alleged by Plaintiff would be covered under FECA. This determination can only be made by the Secretary of Labor. Without in any way passing on the validity of such a claim, it appears that plaintiff, as of the date of this memorandum, could still file a timely claim under the FECA pursuant to 5 U.S.C. § 8122 (1996) with respect to most of his allegations.[6]

In order for the Court to exercise jurisdiction over Plaintiff's FTCA claims, the Secretary must have determined that Plaintiff's injuries were not covered by FECA. The crucial question is coverage, whether actual or potential coverage.

---

[6] Moreover, the Secretary has the discretion to waive the limitations period. 5 U.S.C. § 8122(d)(3).

Neither application for nor actual receipt of benefits is required for FECA to have its preemptive effect. Miller at *2 (no FTCA subject matter jurisdiction despite denial of FECA benefits for failure to show causation); Bennett, 210 F.3d at 277 (no FTCA subject matter jurisdiction when FECA benefits denied for lack of proof); McDaniel, 970 F.2d at 197-98; Farley v. United States, 162 F.3d 613, 616 (10th Cir. 1998)("If the Secretary determines the Compensation Act applies, . . . [the FTCA action] must be dismissed, regardless of whether Compensation Act benefits are actually awarded."); Tippetts, 308 F.3d at 1095 (potential time-bar on FECA application does not affect preemption analysis); Griffin v. United States, 703 F.2d 321, 322 (8th Cir. 1983)("That the FECA does not compensate an employee with [this] particular injury is a question of scope of coverage, not coverage in and of itself."); Aponte v. United States Dep't of Treasury, Bureau of Alcohol, Tobacco, and Firearms, 940 F. Supp. 898, 902 (E.D.N.C. 1996)(rejection of FECA award does not nullify Secretary's coverage determination).

The court's lack of subject matter jurisdiction compels dismissal without prejudice. In Bruni, the Court of Appeals concluded that the Department of Labor's "exclusive primary jurisdiction of compensation for injuries sustained by a government employee 'in the performance of his duty'" compelled dismissal. 964 F.2d at 80 (citation omitted). See, e.g.,

Bennett, 210 F.3d at 272 (dismissal without prejudice); Figueroa 7 F.3d at 1408; cf. McEntee v. Henderson, 154 F. Supp. 2d 1286, 1292 (S.D. Ohio 2001)(dismissal with prejudice when FECA compensation already awarded). This gives Plaintiff the opportunity to obtain a finding from the Secretary, potentially resolving the lack of subject matter jurisdiction. However, the resulting delay may prejudice the Plaintiff due to the FTCA statute of limitations.

If this action were dismissed without prejudice, Plaintiff must re-file it no later within six months after the February 17, 2005 administrative denial, i.e., August 17, 2005. Otherwise, the re-filed suit is barred by the statute of limitations. See 28 U.S.C. § 2401(b).

Because of this risk, some courts stay the FTCA action until the Secretary makes a finding about FECA coverage. E.g., Farley v. United States, 162 F.3d at 616-17; White v. United States, 143 F.3d at 238.

The Bruni case, which is controlling here, sets out a compromise position between dismissal and stay. The Bruni remedy recognizes the imperative of dismissal when subject matter jurisdiction is lacking but preserves the plaintiff's putative rights under the FTCA. In this approach, recourse to the Secretary of Labor is treated as a second administrative exhaustion requirement. The Bruni court directed that the

plaintiff must first seek FECA recovery, and pursue those administrative remedies if the Secretary decides there is coverage. "If, on the other hand, the Secretary determines that there is no FECA coverage, Mr. Bruni would still have recourse to the federal courts under the FTCA, assuming his action is commenced within six months of the date of mailing of notice of final denial of the claim by the Secretary of Labor." 964 F.2d at 80 (citation omitted)(emphasis added).

Ordinarily, the six-month statute of limitations is triggered by denial of the FTCA administrative claim by the allegedly negligent agency. 28 U.S.C. § 2401(b). By treating the denial from the Secretary of Labor as the trigger for the six-month statute of limitations, the federal court action can be properly dismissed, and the plaintiff does not risk running afoul of the FTCA limitation. In effect, this disposition tolls the FTCA deadline for as long as it takes the Secretary to make her determination of coverage.

Therefore, following Bruni, this action must be dismissed in its entirety without prejudice. Should the Secretary of Labor later make a determination that FECA does not cover Plaintiff's personal injuries, Plaintiff should be permitted six months from that finding to file his civil action pursuant to the FTCA.

## II. THERE IS NO SUBJECT MATTER JURISDICTION OVER THE CLAIMS FOR VIOLATION OF RHODE ISLAND STATE STATUTES.

The Complaint characterizes all six causes of action as

arising under the Federal Tort Claims Act ("FTCA"). Complaint at 1, ¶¶ 3-4, passim. It appears to be Plaintiff's intent that the entirety of the Complaint is brought pursuant to the FTCA. Proceeding on that assumption, the FECA preemption argument in section I, above, compels the dismissal of the Complaint in its entirety.

However, the fourth, fifth and sixth causes of action refer to Rhode Island state statutes.

- Count Four alleges discrimination and other violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-7 et seq..[7]
- Count Five alleges retaliation in violation of the Rhode Island Whistleblower's Act, R.I. Gen. Laws § 28-50-1 et seq..[8]
- Count Six alleges false light invasion of privacy in violation of R.I. Gen. Laws § 9-1-28.1 et seq..

If the Court were to view any of these causes of action as not subject to FECA preemption, they are subject to dismissal

---

[7] In addition to the arguments below, Defendant notes that the statute's definition of "employer" includes the state and all political subdivisions of the state, but not federal government entities. R.I. Gen. Laws § 28-5-6.

[8] In addition to the arguments below, Defendant notes that the statute's definition of "employer" does not include federal agencies, only state and municipal government agencies. R.I. Gen. Laws § 28-50-2.

nevertheless, on the alternative grounds given below.

**A. The Federal Government Has Not Waived Its Sovereign Immunity Under Rhode Island's Fair Employment Practices Act Nor Under Rhode Island's Whistleblower Protection Statute.**

It is well-settled that the United States, as sovereign, may not be sued without its consent. E.g., United States v. Dalm, 494 U.S. 596, 608 (1990). Jurisdiction must be found in an express Congressional waiver of immunity or consent to be sued. See, e.g., United States v. Mottaz, 476 U.S. 834, 841 (1986); Sibley v. Ball, 924 F.2d 25, 28 (1st Cir.), aff'd, 944 F.2d 913 (Fed. Cir. 1991)(Table). In general, statutes waiving sovereign immunity are to be strictly construed in favor of the United States. See United States v. Michel, 282 U.S. 656, 659-60 (1931); Gonsalves v. Internal Revenue Srvc., 975 F.2d 13, 15 (1st Cir. 1992)(per curiam).

A plaintiff has the burden of demonstrating a waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987), cert. denied, 487 U.S. 1204 (1988). In this case, the only waiver identified by Plaintiff is the Federal Tort Claims Act. Complaint, ¶ 3. The FTCA provides a limited waiver of the federal government's sovereign immunity for tort claims. 28 U.S.C. § 2674. This waiver is limited to circumstances where the United States, if a private person, would be liable for "money damages" for "injury of loss of property, or personal

injury or death" due to a negligent or wrongful act or omission by a Government employee. 28 U.S.C. § 1346(b)(1).

Neither the Rhode Island Fair Employment Practices Act nor the Rhode Island Whistleblower Protection Act sound in tort. They are creatures of statutory protection for civil rights in the employment setting conferred by the state legislature. They are not statutes addressed to the payment of money damages for property damage or personal injury due to tortious conduct.

The federal government has not waived its sovereign immunity for state civil rights statutes. E.g., Wilson v. MVM, Inc., No. Civ. A.03-4514, 2004 WL 765103 at *12 (copy attached), vacated in part on other grounds on reconsideration, 2004 WL 1119926 (E.D. Pa. May 18, 2004). Thus, the waiver of sovereign immunity in the FTCA does not extend to Counts Four and Five.

**B. The Rhode Island Statutes Are Preempted By Federal Law.**

Title VII is the exclusive remedy for the redress of discrimination in federal employment, and it preempts other discrimination laws. Brown v. General Services Admin., 425 U.S. 820, 829-830 (1976). Therefore, the Rhode Island Fair Employment Practices Act does not apply to federal agencies. Ciafrei v. Bentsen, 877 F. Supp. 788, 794 (D.R.I. 1995).

Similarly, a federal employee who claims he has been punished for reporting a workplace violation has his exclusive remedy in the Whistleblower's Protection Act ("WPA"), codified at

5 U.S.C. § 1221, 2302, which is itself a part of the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7501, et seq., the comprehensive scheme for federal employees to challenge adverse employment actions through the merit systems protection scheme. In Desmond v. Department of Defense, a civilian Department of Defense employee challenged his termination on, among other grounds, that it occurred on the heels of his writing a letter complaining about the imposition of a security clearance requirement which had been previously disclaimed. 989 F.2d 484 at *1 (1st Cir.)(Table)(copy attached), cert. denied, 508 U.S. 927 (1993). The Court held that Desmond's claims of retaliation and violation of privacy under both federal and state law were preempted by the CSRA and WPA. Id. at *2-4. See Ferris v. American Federation of Government Employees, 98 F. Supp. 2d 64, 67 (D. Me. 2000)(CSRA/WPA preempted Maine Whistleblower Protection Act).

Therefore, recovery under both the Rhode Island Fair Employment Practices Act and Rhode Island Whistleblower Protection Act are pre-empted by federal law, and this court does not have subject matter jurisdiction to entertain Count Four or Five.

**C. The False Light Invasion Of Privacy Claim Is Barred By An Express Exclusion Of The Federal Tort Claims Act.**

In Count Six, Plaintiff alleges that his right to be secure from publicity placing him in a false light was violated when his

superior referred to him in front of others as "a homosexual." Complaint, ¶¶ 10, 62-67; see R.I. Gen. Laws § 9-1-28.1(a)(4)(i).

There are a number of circumstances in which recovery is not available pursuant to the FTCA. 26 U.S.C. § 2680. For example, section 2680(f) bars claims for damage caused by a federal quarantine. Section 2680(k) bars claims arising in a foreign country.

The exclusion at issue in this case is the exclusion of certain intentional torts. "The provisions of this chapter and section 1346(b) of this title shall not apply to- . . . (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . ." 28 U.S.C. § 2680(h).

When courts are presented with a cause of action sounding in tort that is closely aligned with one of the excepted torts, the scope of section 2680's exclusion turns on the interpretation of the phrase "arising out of". Thus, Count Six is barred if it is a claim "arising out of" libel or slander.

Generally, when two tort theories overlap, the exclusion of one from the coverage of the FTCA does not compel the exclusion of the other. Santiago-Ramirez v. United States, 984 F.2d 16, 20-21 (1st Cir. 1993)(following Block v. Neal, 460 U.S. 289, 298 (1983)).

However, Congress did not restrict the scope of the exceptions to an enumerated list; it additionally excepted claims "arising out of" the enumerated torts. 28 U.S.C. § 2680(h). The "arising out of" language should be broadly construed. See Kosak v. United States, 465 U.S. 848, 854 (1984)(exclusion language "sweep[s] within the exception all injuries associated in any with the [excepted subject]"); see also United States v. Shearer, 473 U.S. 52, 55 (1985)(application of "arising out of" language bars claim for negligent failure to prevent excepted claim of assault or battery).

If the government conduct which constitutes the excepted claim is essential to the second claim, then the section 2680(h) exception bars the second claim as well. Metz v. United States, 788 F.2d 1528, 1534 (11th Cir.), cert. denied, 479 U.S. 930 (1986). See also Block v. Neal, 460 U.S. at 297 (no bar when duty of care in excepted tort is distinct from duty of care in second claim).

In Jimenez-Nieves v. United States, the Court of Appeals for the First Circuit looked beyond the literal meaning of the language of the complaint to ascertain "the real cause" of the complaint. 682 F.2d 1, 6 (1st Cir. 1982). The plaintiffs sued for expenses, humiliation, and emotional distress they suffered when their Social Security checks were rejected for payment due to the Government's typographical error. Id. at 2. Because much

of the Complaint alleged injury to reputation, the court concluded that the plaintiffs' real cause was that of defamation. Id. at 6. The Court, citing Prosser On Torts, concluded that the exclusion of "libel" and "slander" amounted to an exclusion of defamation. Id. Thus, the reputational torts alleged by the plaintiffs were barred by section 2680(h). Id.; see Kassel v. United States Veterans Admin., 682 F. Supp. 646, 658 (D.N.H. 1988)(false light invasion of privacy barred by 2680(h)); Popovic v. United States, 175 F.3d 1015 at *4-5 (4th Cir. 1999)(Table)(same)(copy attached); Johnson v. Sawyer, 47 F.3d 716, 732 n.34 (5th Cir. 1995)(same); see also Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1206 (9th Cir. 1988)(negligent infliction of emotional distress amounting to claim of slander barred by 2680(h)); but see Black v. Sheraton Corp. of America, 564 F.2d 531, 539 (D.C. Cir. 1977)(permitting FTCA claim for invasion of privacy by intrusion and publication arising from illegal eavesdropping).

The key inquiry is whether the elements constituting the excepted claim are essential to the claim being examined. Metz, 788 F.2d at 1534. If they are essential to that claim, then the section 2680(h) exception bars the second claim as well. Id. In this case, the excepted claims are libel and slander, and the second claim is violation of false light right to privacy.

Libel and slander, which are excepted from FTCA, are

instances of the cause of action for defamation. To create liability for defamation there must be: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Restatement (Second) of Torts § 558 (1977).

In Count Six, Plaintiff alleges violation of false light right to privacy under Rhode Island statute. The law provides:

> (a) Right to privacy created. It is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include any of the following rights individually: . . . (4) The right to be secure from publicity that reasonably places another in a false light before the public; . . .

R.I. Gen. Laws § 9-1-28.1(a)(4). False light invasion of privacy is defined as follows:

> In order to recover for violation of this right, it must be established that:
>
> > (A) There has been some publication of a false or fictitious fact which implies an association which does not exist;
> >
> > (B) The association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances;

R.I. Gen. Laws § 9-1-28.1(a)(4)(i).

Thus, the essential conduct which constitutes the excepted claim of defamation is a negligent or intentional publication of

a false and defamatory statement. This same conduct is essential to the false light claim, which is publication of a false statement that places the subject in an objectionable light. See R.I. Gen. Laws § 9-1-28.1(a)(4)(i). Because proof of conduct that is excepted from FTCA is essential for showing a violation of false light right of privacy, the false light claim is also excepted. Count Six should be dismissed because it is barred by section 2680(h).

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

CAROLYN A. IKARI
SPECIAL ATTORNEY FOR THE
DISTRICT OF RHODE ISLAND
450 Main Street, Room 328
Hartford, Connecticut 06103
(860) 947-1101
(860) 240-3291 (facsimile)

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing memorandum was served via overnight delivery, postage prepaid, on this 17th day of June, 2005 on the following:

Francis J. Flanagan
Sayer, Regan & Thayer
130 Bellevue Avenue
Newport, Rhode Island 02840

CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY