UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH A. SWEENEY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>Defendant. | CIVIL ACTION NO. 05-080 T |

**JOINT MOTION FOR STAY OF PROCEEDINGS**

The parties respectfully submit this motion to stay the proceedings in order to clarify this Court's jurisdiction.

**I. INTRODUCTION**

The Plaintiff, Joseph A. Sweeney, seeks damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2761, *et seq*., for alleged injuries related to his employment with the United States Department of the Navy. Plaintiff's claim has not been submitted under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8100 *et seq*., to the U.S. Department of Labor's Office of Workers' Compensation Programs (OWCP). As set forth herein, there is a significant possibility of coverage under FECA for plaintiff's claim and this Court must allow the Secretary of Labor to make a FECA determination before this action can proceed.

**II. STANDARD**

A court's power to stay proceedings is incidental to its power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Driver v. Helms*, 402 F. Supp. 683, 685 (D.R.I. 1975)(*citing Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Such a stay should be granted only in rare circumstances. *Id.*

## III. FACTS

Plaintiff filed an administrative claim under the FTCA on February 25, 2004, alleging an emotional injury due to purported harassment by his Navy supervisor in the course of his federal employment. At the time this civil action was filed on February 23, 2005, according to Plaintiff, the administrative claim had been pending for the requisite six months, and Plaintiff considered the claim denied.[1] This lawsuit ensued. On June 15, 2005, the Deputy Director for Federal Employees' Compensation at the Department of Labor's OWCP issued an advisory opinion in this case. Declaration of Edward G. Duncan with Attachment A. Mr. Duncan concluded that "there is a significant possibility of coverage under the FECA" in this case. *Id.*, ¶ 5. As of June 16, 2005, the date of Mr. Duncan's declaration, OWCP had not received a claim by Plaintiff for FECA benefits. *Id.*, ¶ 3.

## IV. ARGUMENT

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF HAS NOT PURSUED A FECA CLAIM AND THERE EXISTS A "SUBSTANTIAL QUESTION" AS TO FECA COVERAGE

FECA, the workers' compensation statute for federal employees, is designed to provide quick and uniform coverage for federal civilian employees who are injured while in the performance of their duties. 5 U.S.C.A. §§ 8101 *et seq.* It establishes a comprehensive compensation scheme under which federal employees receive benefits, regardless of fault, for employment-related injuries or deaths. 5 U.S.C. § 8102. In turn, Congress provided a remedy in FECA that is exclusive and administrative. FECA precludes and preempts any action against the United States when an employee's injury is covered under FECA. 5 U.S.C. §8116(c).

---

1 Contrary to the allegations of the Complaint, the Navy denied the administrative claim by letter dated February 17, 2005. The return receipt indicates Plaintiff did not receive it until February 28, 2005, after this action was filed. Under either scenario, Plaintiff's administrative remedies are properly exhausted for the claims in the administrative complaint accruing no more than two years prior. See28 U.S.C. §§ 2401(b), 2675(a).

Section 8116(c) states in pertinent part as follows:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c).

As the Supreme Court observed in *Lockheed Aircraft Corp. v. United States*, 460 U.S.190, 194 (1983), "[in] enacting [the FECA] Congress adopted the principal compromise–the 'quid pro quo'--commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."

This exclusivity provision "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Id.* at 193-194. Thus, where an individual is covered under the FECA for an injury or condition, such coverage constitutes the individual's exclusive remedy against the United States. See 5 U.S.C. § 8116(c); *Lockheed Aircraft*, 460 U.S. at 193-194; *Votteler v. United States,* 904 F.2d 128, 130 (2nd Cir. 1990); *DiPippa v. United States*, 687 F.2d 14 (3rd Cir.1982); *McDaniel v. United States,* 970 F.2d 194, 197 (6th Cir. 1992); *Swafford v. United States*, 998 F.2d 837, 839 (10th Cir. 1993). Furthermore, FECA's legislative history confirms that FECA was intended to be a substitute for suits against the United States for tortious injury as authorized by the FTCA. *Votteler*, 904 F.2d at 130 (permitting FTCA suit "incompatible with the comprehensive coverage of workers' compensation."). *See also Miller v. Bolger*, 802 F.2d 660, 663 (3rd Cir. 1986). "If the Compensation Act applies to a particular injury, a

tort action against the United States regarding those same injuries is preempted and as such the courts lack jurisdiction to hear the case." *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998) (*citing Southwest Marine, Inc. v. Gizoni,* 502 U.S. 81, 90 (1991), and *Swafford*, 998 F.2d at 839-40); *see Tippetts v. United States*, 308 F.3d 1091, 1094 (10th Cir. 2002) (exclusivity of FECA noted); *Bennett v. Barnett*, 210 F.3d 272, 276-277 (5th Cir. 2000) (Postal workers's FTCA claims, including inter alia intentional infliction of emotional distress, were preempted by FECA).

The Secretary of Labor is authorized to resolve any disputes regarding the scope of FECA coverage. 5 U.S.C. § 8145; *see Swafford*, 998 F.2d at 839-40. FECA further provides that:

The action of the Secretary or [his/her] designee in allowing or denying a payment under this subchapter is–

> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). The Supreme Court has held that this language clearly states the unambiguous intent of Congress to bar judicial review of FECA determinations by the Secretary of Labor. *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 780 and n.13 (1985); *see Southwest Maritime*, 502 U.S. at 90.

The United States Court of Appeals for the First Circuit has found that an injured employee may not bring an action under the FTCA when there is a "substantial question" as to whether FECA coverage exists. *Bruni v. United States*, 964 F.2d 76, 78-79 (1st Cir. 1992) (citations omitted) ("substantial question" existed as to whether employee's death was suffered while in the performance of her duties, so as to require employee to pursue claim under FECA.). "Thus the employee must first seek and be denied relief under the FECA unless his/her injuries do not present a substantial question of compensability

under that act. A substantial question exists unless it is certain that the Secretary would not find coverage." *Bruni*, 964 F.2d at 79 (emphasis in original) (internal citation omitted); *see Farley*, 162 F.3d at 615-616, *White v. United States,* 143 F.3d 232, 234 (5th Cir. 1998). If, as here, a plaintiff brings an FTCA action and a substantial question regarding FECA coverage exists, then the court must, at the very least, stay those proceedings pending a final decision of the Secretary of Labor regarding that issue. *See also* Employee Compensation Appeals Board cases cited in Attachment A to Duncan Decl.; *but see, e.g., DeFord v. Secretary of Labor,* 700 F.2d 281, 290 (6th Cir. 1983)(holding that FECA does not appear to cover claims for mental distress resulting from discrimination). *See Tarver v. United States,* 25 F.3d 900, 902 (10th Cir. 1994).

The parties agree that a substantial question regarding FECA coverage exists. Plaintiff alleges work-related emotional distress injuries. Pursuant to 5 U.S.C. § 8145, the Secretary of Labor has authorized the Employment Standards Administration's Office of OWCP to adjudicate and process claims for benefits under the FECA. OWCP states that there is a substantial possibility that Plaintiff's claims are covered under FECA. Duncan Decl., ¶ 5. Plaintiff needs to apply for FECA benefits and an actual determination regarding his entitlement to benefits will be made by the OWCP at that time. At this writing, Plaintiff is preparing to file his FECA claim.

As a result, this Court cannot conclude, as a matter of law, that the Secretary of Labor could not find FECA coverage in this case. Therefore, a substantial question as to coverage under FECA exists, and Plaintiff's FTCA action must be stayed pending a coverage determination by the Secretary of Labor. *See Heilman v. United States,* 731 F.2d 1104, 1110 (3rd Cir. 1984); *see also Bruni*, 964 F.2d at 80 (district court lacked subject matter jurisdiction as it cannot entertain a FTCA claim when there exists a substantial question as to whether employee's injury is covered by FECA). If the Secretary of Labor determines that the FECA applies, then this Court lacks jurisdiction to hear the FTCA

action and it must be dismissed, regardless of whether FECA benefits are actually awarded. *Swafford*, 998 F.2d at 841. Only if the Secretary of Labor determines that FECA does not apply, may Plaintiffs' action under the FTCA proceed. *Id.*

Further, this Court is not required to predict the Secretary of Labor's decision in a particular case. *See Farley*, 162 F.3d 615. Rather, its sole determination should be whether a "substantial question" as to FECA coverage exists, and thus this Court does not have to make any findings as to whether FECA indeed covers Plaintiff's claims. As *Swafford* noted, "[t]he Secretary of Labor, not [this court], has the final say as to the scope of FECA." 998 F.2d at 841.

Accordingly, a substantial question of FECA coverage currently exists. This action should, therefore, be stayed pending the filing and adjudication of a FECA claim by the Department of Labor. *See White*, 143 F.3d 232, at 234 ("[o]nly if we are certain that the Secretary of Labor would conclude that the employee's injuries do not present a substantial question of coverage under FECA may we entertain the employee's FTCA claim without the employee first submitting the claim to the Secretary of Labor.").

## V. CONCLUSION

For all of the above reasons, the parties respectfully request that this matter be stayed pending submission of a FECA claim to the OWCP and a resolution of that claim by the U.S. Department of Labor.

Respectfully submitted,

FRANCIS J. FLANAGAN #4858
SAYER, REGAN, THAYER &
FLANAGAN
130 Bellevue Avenue
Newport, Rhode Island 02840
(401) 849-3040

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

CAROLYN A. IKARI
SPECIAL ATTORNEY FOR THE
DISTRICT OF RHODE ISLAND
450 Main Street, Room 328
Hartford, Connecticut 06103
(860) 947-1101
(860) 240-3291 (facsimile)

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served via first-class mail, postage prepaid, on this 30 day of June, 2005 on the following:

Carolyn A. Ikari
Office of the U.S. Attorney
450 Main Street, Room 328
Hartford, Connecticut 06103

Francis J. Flanagan