UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH A. SWEENEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | CIVIL ACTION NO. 05-080 T |

DECLARATION OF EDWARD G. DUNCAN

I, Edward G. Duncan, do hereby state and declare that:

1. I am the Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs (OWCP), United States Department of Labor, and as part of my duties and responsibilities, I have been delegated the responsibility for administering the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq.*

2. I was provided and have reviewed a copy of the complaint filed by plaintiff Joseph A. Sweeney in the above-captioned matter.

3. I directed a search to be made of the records of OWCP, which disclosed that no claim for compensation pursuant to the FECA has been filed by plaintiff Joseph Sweeney with the OWCP.

4. I was asked to render an opinion concerning the question of whether the FECA would cover the emotional condition alleged by Joseph Sweeney in his complaint.

5. I issued an opinion, a true and correct copy of which is attached hereto as Attachment A, which concluded that "there is a significant possibility of coverage under the FECA for an emotional condition sustained by Plaintiff Joseph Sweeney allegedly related to actions of the Department of the Navy, Naval Legal Services Office, with respect to his position as a paralegal specialist with the Department of the Navy in Newport Rhode Island during the period Fall 2001 through October 2002.

6. This opinion is based upon the assumption that all factual statements in the documents provided to me are true and that no additional facts material to a determination on FECA coverage in this matter exist.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on June 15, 2005. 28 U.S.C. § 1746.

EDWARD G. DUNCAN
Deputy Director for Federal Employees' Compensation
Office of Workers' Compensation Programs
United States Department of Labor

June 15, 2005

MEMORANDUM FOR: Carolyn A. Ikari, Esq.
Assistant United States Attorney

FROM: Edward G. Duncan
Deputy Director for
Federal Employees' Compensation

SUBJECT: *Joseph A. Sweeney v. United States*
Civil Action No. 05-080 T

This is in response to your request for an advisory opinion whether Joseph A. Sweeney, the plaintiff in the above-entitled matter, would be covered under the Federal Employees' Compensation Act (FECA) for an emotional condition allegedly related to events surrounding the employing agency's actions with respect to plaintiff during the period from the Fall of 2001, through October of 2002. The opinion expressed herein is based upon the facts alleged in the complaint filed in the above-referenced action, a copy of which I have been provided and have reviewed. Actual adjudication of a claim presented pursuant to the FECA based upon the events set forth in the complaint may disclose different or additional facts that substantially affect the ultimate determination of this matter.

Upon review of the allegations of the complaint, I conclude that there is a significant possibility that plaintiff may be covered under the FECA for an emotional condition causally related to factors of his federal employment.[1] While the facts alleged in the complaint center around actions taken by the employing agency (the Department of the Navy, Naval Legal Services Office, during the period Fall 2001 through October 2002 with respect to plaintiff's employment as a paralegal specialist, this alone does not compel a finding of coverage under the FECA. The Employees' Compensation Appeals Board (ECAB) has held that workers' compensation is not applicable to each and every injury or illness that is somehow related to an employee's employment.

In *Lillian Cutler*, 28 ECAB 125 (1976), the ECAB discussed at length the principles applicable to alleged employment-related emotional conditions and the distinctions as to the type of employment situation giving rise to an emotional condition which will be covered under the FECA. When an employee experiences an emotional reaction to his regular or special assigned

---

1 The fact that a claimant's injury or disease is covered under the FECA does not necessarily mean that the claimant will receive compensation. To establish entitlement to compensation for disability from work under the FECA, the claimant must demonstrate that he has an emotional condition causally related to factors of his federal employment, and must also show that this condition resulted in disability from work.

**Attachment A**

employment duties or to a requirement imposed by the employment, or has fear and anxiety regarding his ability to carry out his duties, and the medical evidence establishes that the disability resulted from an emotional reaction to such situation, the disability is generally regarded as due to an injury arising out of and in the course of employment and comes within the coverage of the FECA. On the other hand, the ECAB stated that not all matters that have some connection with your employment are covered under the FECA. For example, in *Cutler*, the ECAB held that the claimant's disability, which was caused by her disappointment in not receiving a promotion for which she applied, did not constitute an injury sustained in the performance of duty.

However, where the evidence demonstrates that the employing agency has erred or acted abusively in the administration of personnel matters, coverage under the FECA may be afforded. *Thomas D. McEuen*, 41 ECAB 387 (1990), *reaff'd on recon.*, 42 ECAB 566 (1991). For example, in *Norman A. Harris*, 42 ECAB 923, 927 (1991), the employing agency had terminated the employee for allegedly falsifying time records. The MSPB reversed the termination, based on a finding that the employing agency had not established that the employee had intentionally misrepresented his hours, or that he had deceived the agency by claiming hours that he had not worked. Based on this MSPB finding, the ECAB held:

> The Board finds that in this case the employing establishment's failure to establish the existence of inaccurate time sheets and the requisite intent to defraud constituted an error in the administration of a personnel matter. The employing establishment proceeded from the investigation to the termination without the proper evidence. This is supported by the decision of the MSPB. This error is sufficient to bring any emotional reaction by appellant to the termination action within the coverage of the Act. 42 ECAB at 928.

However, the ECAB has also found that coverage will not be afforded when there is no evidence that "the employing establishment did not act reasonably in the administration of personnel matters." *Kathleen D. Walker*, 42 ECAB 603 (1991). The ECAB has held that difficult relations with supervisors and coworkers can constitute a factor of employment under the FECA. *Lawrence C. Mar*, 42 ECAB 723 (1991); *Abe E. Scott*, 45 ECAB 164 (1993). It is also clear that intentional actions of supervisors and coworkers can constitute compensable factors of employment under the FECA. *See Arlene F. Stidham*, 46 ECAB 674 (1995). The ECAB has also held that actions of an employee's supervisor, which the employee characterizes as harassment, may, if proven, constitute factors of employment giving rise to coverage under the FECA. *Pamela Rice*, 38 ECAB 838, 843 (1987); *Marie Boylan*, 45 ECAB 338 (1994) (allegations of an emotional reaction to incidents such as verbal altercations with coworkers that occurred while the claimant was performing official representational functions could constitute compensable factors of employment); *Gregory J. Meisenburg*, 44 ECAB 527, 529 (1993) (holding that it was an error for the OWCP to find that the claimant's reaction to comments made by coworkers concerning his request for a change in work location "does not come within the coverage of workers' compensation"); *David W. Shirey*, 42 ECAB 783, 795 (1991) (holding that the claimant had alleged a compensable factor of employment by asserting that he was called "sucker" by

coworkers, as he encountered this condition in the performance of his regular or specially assigned duties). However, mere perceptions of harassment, emotional reactions to leave matters, emotional reactions to transfers, disappointment over failure to obtain desired transfers or promotions, and reactions to letters of reprimand do not constitute employment factors as such reactions arise from frustration at not being permitted to work in a particular environment rather than from assigned duties or requirements imposed on an employee by his employment. *Samuel F. Mangin, Jr.*, 42 ECAB 671 (1991); *Donald V. Bottles*, 40 ECAB 349 (1988); *Richard J. Dube*, 42 ECAB 916 (1991).

The complaint contains allegations of various events at work during the period of Fall 2001 through October 2002 which, if established as factual, could be considered factors of employment under the above *Cutler* analysis. These include the allegation that the plaintiff's supervisor "began a campaign to destroy his career;" (Complaint Par 7 & 8), that she "used her subordinates to torment, shun, isolate, verbally assail, embarrass, humiliate and unjustly suspend plaintiff;" (Complaint Par 9), and that plaintiff was "subjected to an increasingly hostile work environment at Naval Station Newport, which included physical threats of bodily harm, causing him to breakdown, both physically and emotionally;" (Complaint Par 21). The complaint further alleges that the employing agency knew or should have known of these actions, and failed to adequately supervise or penalize the offending supervisor. (Complaint Par 40).

Based on the foregoing discussion, and based on the allegations of the complaint, plaintiff Joseph Sweeney might be able to establish that he sustained an emotional condition as a result of the alleged improper actions of the employing agency with respect to his work environment, a difficult relationship with his supervisor or harassment by his supervisor. Under these circumstances, ECAB precedents such as *Pamela Rice*, 38 ECAB 838, 843 (1987) and those cited above, would be used to support coverage under FECA. If plaintiff Joseph Sweeney then submits sufficient medical evidence based on a proper factual and medical background supporting his contention that he has an emotional condition that is causally related to factors of his federal employment, he would be entitled to compensation benefits under the FECA, including medical benefits and compensation for wage loss. To be sufficient, the medical evidence would have to demonstrate, with appropriate medical rationale, how plaintiff's emotional condition was causally related to the specific incidents that are properly characterized as factors of employment.

Based on the facts alleged in the complaint, I conclude there is a significant possibility of coverage under the FECA for an emotional condition sustained by Plaintiff Joseph Sweeney allegedly related to actions of the Department of the Navy, Naval Legal Services Office with respect to his position as paralegal specialist Newport Rhode Island during the period Fall 2001 through October 2002.[2]

---

[2] Subject to certain exceptions (including actual knowledge by the immediate superior of the injury within 30 days), 5 U.S.C. § 8122(a) provides a three-year time limit on the filing of a claim for compensation under the FECA. The complaint alleges (p. 2, ¶ 6) that Sweeney's

(..continued)
hostile work environment began in the Fall 2001, and continued through October 2002. If an employee continues to be exposed to injurious working conditions,the time limitation begins to run on the date of the last exposure to the injurious working conditions. *Willis E. Bailey*, 49 ECAB 511, 514 (1998). To the extent that plaintiff Joseph Sweeney continued to be exposed to injurious working conditions until October 2002, he has until three years from that date to file a claim for benefits under FECA.