**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. SWEENEY, | : | |
| Plaintiff, | : | Civil Action No. 05-080 T |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | October 7, 2005 |

## JOINT MOTION FOR EXTENSION OF STAY

The parties in the above-captioned matter hereby respectfully request that the Court extend the stay in the above-captioned until the U.S. Department of Labor's Office of Workers' Compensation Programs ("OWCP") issues its decision in the Plaintiff's pending Federal Employee Compensation Act, 5 U.S.C. § 8101-8193, ("FECA") proceedings. Until the OWCP determines whether FECA applies to Plaintiff Joseph Sweeney's ("Plaintiff" or "Mr. Sweeney") alleged injuries, the Court is without jurisdiction to adjudicate the Federal Tort Claims Act, 28 U.S.C. § 2761, *et seq.* ("FTCA"), issue the Plaintiff filed with the Court.

## I. BACKGROUND

On February 23, 2005, Mr. Sweeney initiated a lawsuit against the United States of America pursuant to the FTCA to recover for personal injuries he allegedly sustained during the course of his employment with the United States Department of Navy. On July 13, 2005, however, Mr. Sweeney filed a federal workers' compensation claim with the OWCP seeking monetary redress for the same injuries alleged under the FTCA suit. Consequently, the parties jointly requested the Court to stay the proceedings pending before it until the OWCP determines whether Mr. Sweeney's claims are covered under the FECA, which is the sole and exclusive

remedy for federal workers who are injured in the performance of their employment.

The Court held a telephonic status conference with the parties on August 30, 2005 in order to establish the propriety of granting the parties' joint request to stay the district court proceedings pending the OWCP's review of Mr. Sweeney's application for compensation under the FECA. The Court stayed the instant case until September 30, 2005.

## II. DISCUSSION

The FECA "provides the exclusive avenue or redress for a federal employee's 'injury sustained while in the performance of his duty.'" *Bruni v. United States of America*, 964 F.2d 76, 79 (1st Cir. 1992)(quoting 5 U.S.C. § 8102). "The liability imposed by FECA supplants all other liability (including tort liability under the FTCA or other statutes) on the part of the United States to an injured federal employee." *Id.* (citing *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983)).[1]

"An injured employee may not bring an action against the United States under the FTCA when there is a 'substantial question as to whether or not the injury occurred in the performance of the employee's duty.'" *Bruni*, 964 F.2d at 78 (quoting *Wallace v. United States*, 669 F.2d 947, 954 (4th Cir. 1982) (citations omitted). "The Secretary of Labor is vested with the power to 'administer, and decide all questions arising under' the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law." *Id.* at

[1] "FECA's exclusive liability provision was . . . designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Lockheed Aircraft Corp.*, 460 U.S. at 193-94.

79 (quoting 5 U.S.C. _ 8128(b)(1) and (2) and _ 8145) (citations omitted). "Resolution of the coverage question has been entrusted to the Secretary of Labor." *Id.* (citing 5 U.S.C. _ 8128(b)). "Thus, the employee must first seek and be denied relief under the FECA unless his/her injuries do not present a substantial question of compensability under the act." *Id.* "A substantial question exists unless it is *certain* that the Secretary would not find coverage." *Id.* (emphasis in original).

Mr. Sweeney filed a claim with the OWCP under the FECA on July 13, 2005, and at this time the parties do not dispute that there is a substantial question of compensability under the act. On September 20, 2005, the United States conferred with Department of Labor ("DOL") counsel and was notified that on September 9, 2005, a standard Development Letter was issued to Mr. Sweeney requesting supplemental information to facilitate OWCP's determination of whether and to what extent Mr. Sweeney is entitled to compensation under the FECA. Due to the OWCP's continuing review of Mr. Sweeney's claim under the FECA, the FTCA suit cannot proceed unless and until the OWCP decides that the FECA does not at all apply to Mr. Sweeney's alleged injuries. *See Swafford v. United States*, 998 F.3d 837 (10th Cir. 1993) ("If the Secretary determines that the injury did not occur in the performance of duty, FECA does not cover the injury, and the employee may proceed in court. On the other hand, if the employee was injured in the performance of duty, the Secretary's decision regarding coverage will be binding on the court, *regardless of whether compensation is actually awarded.*") (citation omitted) (emphasis added).

The United States queried DOL counsel for a date certain on which the OWCP would render its decision on Mr. Sweeney's claims, and was informed that such date cannot presently

be ascertained due to the variables inherent in individual claims - such as the possible need for supplemental documentation and the complexity of the alleged facts. Consequently, the parties request that the Court further stay this case until the OWCP issues its conclusions. In the alternative, if the Court is more inclined to fix an expiration date, the parties request a 120-day extension, or until **January 30, 2006**, of the stay with leave to request further extension if the OWCP has not completed its review of Mr. Sweeney's claims. If the OWCP makes a determination before such date, the parties will promptly inform the Court of the decision and the resultant status of the case.

## III. CONCLUSION

For the foregoing reasons, the parties jointly request that the Court extend the stay of this matter until January 30, 2006.

Respectfully submitted,

FRANCES J. FLANAGAN #4858
SAYER, REGAN & THAYER
130 Bellevue Avenue
Newport, Rhode Island 02840
(401) 849-3040

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

Victoria S. Shin
Assistant United States Attorney
157 Church Street
New Haven, Connecticut 06510
Fed. Bar No.: phv0487

Telephone: (203) 821-3799
Facsimile: (203) 773-5373