**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. SWEENEY, Plaintiff | : | |
| vs. | : | C.A. NO.: CR 05-080 T |
| UNITED STATES OF AMERICA, Defendant | : | April 3, 2006 |

PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)

The Plaintiff, Joseph A. Sweeney, hereby objects to the Defendant, the United States of America's, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) the above-captioned matter in its entirety for lack of subject matter jurisdiction and/or for failure to state a claim. In support of this objection, the Plaintiff submits the accompanying memorandum of law.

Respectfully submitted,
Joseph A. Sweeney,

Francis J. Flanagan, Esq. (#4858)
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue, Unit 2
Newport, RI 02840
Telephone: (401) 849-3040
Facsimile: (401) 849-4330

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd[t] day of April, 2006, I served by fax and by first class mail, postage prepaid, a copy of the within Objection to Motion to Dismiss to the following:

FAX (203) 773-5373
Victoria Shin, Esq.
Assistant U.S. Attorney
United States Attorney
District of Connecticut
157 Church Street
New Haven, Connecticut 06510

Sandra A. Johnson, Paralegal

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH A. SWEENEY, Plaintiff | : | C.A. NO.: CR 05-080 T |
| vs. | : | |
| UNITED STATES OF AMERICA, Defendant | : | March 31, 2006 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) and 12(b)(6)**

The Plaintiff, Joseph A. Sweeney, respectfully objects to the Defendant's Motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the above-captioned matter in its entirety for lack of subject matter jurisdiction and for failure to state a claim, respectively.

## I. INTRODUCTION

The Plaintiff does not dispute the information that Defendant sets forth as "Background" in connection with its Motion to Dismiss. However, the Plaintiff takes issue with the Defendant's position that since the Office of Workers Compensation ("OWCP") made an initial negative determination (which is currently on appeal; see attached) regarding the Plaintiff's eligibility for compensation for a coverable injury, that the Federal Employee Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8193 preempts the Plaintiff's Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.,* and divests the Court of subject matter jurisdiction over all claims for injuries set forth in Plaintiff's Complaint.

## II. BACKGROUND

The Plaintiff filed the instant lawsuit on February 23, 2006 seeking compensation under FTCA for emotional injuries resulting from the following: negligent hiring, supervision and

retention; intentional infliction of emotional distress; negligent infliction of emotional distress; violations of Rhode Island Fair Employment Act ("FEPA"); violations of the Rhode Island Whistleblower's Act; and, infringement of right to privacy.

On or about June 20, 2005, the Defendant in the instant case filed the within Motion to Dismiss, arguing that the Plaintiff's FTCA claims are preempted by FECA. Without conceding the Defendant's preemption argument, the parties agreed that there was a substantial question as to whether FECA coverage existed in the instant case, and Plaintiff filed a claim with FECA on or about June 28, 2005. Meanwhile, the Defendant voluntarily withdrew its previously filed Motion to Dismiss, and this Court granted the parties Motion to Stay the instant proceedings, which was most recently granted until January 1, 2006 or until the OWCP issued its decision in connection with the Plaintiff's FECA claims.

On or about January 23, 2006, the OWCP issued its initial Notice of Decision (the "OWCP Notice"), denying Plaintiff's FECA claim, and finding that the Plaintiff failed to meet his burden of proof in establishing that he was injured in the performance of his duty. It is significant to note that the OWCP Notice stated that it was "unnecessary to address the medical evidence[1]" contradicting its additional finding that the Plaintiff "failed to provide sufficient medical evidence to establish causation between the alleged harassment at work and his emotional condition."[2]

The Plaintiff filed a timely appeal to the OWCP Notice on or about February 13, 2006. This appeal requests a review of the written record to address error, oversight, and inconsistencies, such as its contradictory statement regarding the review of medical evidence. Subsequently, upon learning that the Plaintiff, who is currently on active duty with the United

---

[1] *See* pp. 14-15 (unnumbered) of OWCP Notice (Defendant's "Exhibit A")
[2] *See* p. 1 (unnumbered) of OWCP Notice (Defendant's "Exhibit A")

States Army, would remain in the United States through the end of March 2006 before his deployment to Iraq, a request for oral hearing was initiated before Plaintiff's departure. Unfortunately, the OWCP informed us that scheduling an oral hearing could not occur until long after Plaintiff was deployed. The Plaintiff therefore reinitiated his request for a review of the written record, which remains pending.

## III. ARGUMENT

The Plaintiff argues that this Court has subject matter jurisdiction over his FTCA claims, and the facts as alleged in the Complaint, which the Plaintiff can prove, support the FTCA claims, and entitle him to relief. Therefore, the Complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

In the case of *Bruni v. United States of America,* 964 F.2d 76, 78 (1st Cir. 1992), a substantial question existed as to whether the deceased employee's death was sustained while in the performance of her duties as a federal employee. In *Bruno,* the employee was killed in the parking lot by a co-worker who had harassed her in the workplace. The Court stated that it lacked subject matter jurisdiction as it cannot entertain a FTCA claim when there exists a substantial question as to whether the employee's death was suffered while in the performance of her duties. *Id.* at 80. Accordingly, the proper remedy is first to seek recovery from the Department of Labor, which by virtue of FECA, has exclusive primary jurisdiction of compensation for injuries sustained by a government employee 'in the performance of his duty (*citing Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971). *Id.* However, if the Secretary determines that there is no FECA coverage, then recourse to the federal courts still exists under FTCA, assuming the action is commenced within six months of the date of mailing of notice of final denial of the claim by the Secretary of Labor (See 28 U.S.C. 2401(b). *Id.*

In the matter before this Court, the Plaintiff filed his Complaint before seeking redress under FECA. After filing, the parties agreed that there was a substantial question as to whether FECA coverage existed. Accordingly, the Plaintiff filed a FECA claim, and a determination was made that FECA coverage did not exist. The OWCP Notice specifically states: "Your claim for compensation is denied because you have failed to meet your burden of proof in establishing that you were injured in the performance of duty, as alleged, as required for coverage under the [FECA]".[3] As a result of the findings of the OWCP that there is no FECA coverage for Plaintiff's injuries, recourse to the federal courts still exists under FTCA.

Moreover, this Court has subject matter jurisdiction in this case because of the nature of Plaintiff's injuries are psychological in nature. Various federal courts have addressed the issue as to whether FECA encompasses claims for mental and emotional injures. The First Circuit has not ruled on this issue; however, a district court decision within the First Circuit, the United States District Court, District of New Hampshire, supports a finding that FECA does not encompass claims for emotional distress, and to this extent FECA does not preempt FTCA claims.

In the unpublished case of *Miller v. United States of America* , No. 94-2259 (July 24, 1995), the United States District Court, District of New Hampshire,Miller sought benefits from OWCP because of depression he was suffering as a result of the way his employer was treating him. The OWCP denied the claim on the basis that the Miller had failed to submit sufficient medical evidence to prove that his condition was caused by his employment. Thereafter, Miller filed a claim under FTCA to recover the workers' compensation benefits that OWCP had denied him under FECA. The government filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)

---

[3] *See* p. 1 (unnumbered) of OWCP Notice (Defendant's "Exhibit A")

and 12(b)(6), or, in the alternative, motion for summary judgment, arguing that Miller's FTCA lawsuit was merely an attempt to readdress the OWCP's denial of Miller's workers' compensation claim. The Court in *Miller* concluded that FECA does not encompass claims for emotional distress and denied the government's motion. The court based its decision on FECA's definition of injury in 5 U.S.C. 8101 (5), which does not specifically refer to mental or emotional injuries.

On appeal, Miller's FTCA claim was denied because the court found that it was not presented timely. However, the Court in *Miller* acknowledged that there is a body of case law which indicates that FECA does not apply to emotional injuries.[4] In particular, the court referred to *Sheehan v. United States* , 896 F.2d 1168, 1174, *amended by* 917 F.2d 424 (9th Cir. 1990), in which the Ninth Circuit held that FECA did not preempt FTCA claims for emotional distress when the plaintiff alleged that her supervisor had harassed her sexually and then retaliated against her when she rejected his advances.

In a subsequent Ninth Circuit case cited by Defendants, *Moe v. United States*, 326 F.3d 1065 (9th Cir. 2003), the plaintiff filed suit in district court under FTCA seeking damages for her physical and psychological injuries. The Court in *Moe* held that "two things were clear about personal injuries FECA covers: a claim for compensation must result from physical injury and emotional injury 'divorced from any claim of physical harm is outside FECA's scope. *Id.* at 1068. This is precisely the case before the Court and supports a finding that FECA does not preempt FTCA where emotional injury is "divorce from physical harm" *Id.*, and a denial of Dendant's Motion to Dismiss.

---

[4] *Guidry v. Durkin*, 834 F.2d 1465, 1471-72 (9th Cir. 1987); *Gergick v. Austin*, 764 F. Supp. 580, 581-82 (W.D. Mo. 1991); *Underwood v. United States Postal Service*, 742 F. Supp. 968 (M.D. Tenn. 1990); *Metz v. United States*, 723 F. Supp. 1133, 1136 (d. Md. 1989); *Newman v. Legal Services Corporation*, 628 F. Supp. 535, 543 (D.D.C. 1986); Sullivan v. United States, 428 F. Supp. 79, 81 (E.D. Wis. 1977); Mason v. District of Columbia, 395 A.2d 399 (D.C. 1978)

In addition the Defendants arguments that the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 2301 *et seq.,* and the Whistleblower's Protection Act of 1989 ("WPA"), 5 U.S.C. § 1221, 2302 preempt certain of its claims is also without merit. Neither the CSRA nor the WPA provides the relief for damages that Plaintiff is seeking for both the negligent and intentional acts of the Defendant that FTCA provides, and to which the Plaintiff is lawfully entitled.

The FTCA provides a "limited waiver of the United States government's sovereign immunity for injury or loss of property...caused by the negligent or wrongful act or omission of any employee of the Government...under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Montijo-Reyes v. United States,* 436 F.3d 19, 23-24 (1st Cir. 2006)(quoting 28 U.S.C. § 1346(b) (2000)). All of Plaintiff's claims in the Complaint subject the Defendant to liability in the State of Rhode Island for the damages caused to the Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests the Court to deny the Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,
Joseph A. Sweeney,

Francis J. Flanagan, Esq. (#4858)
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue, Unit 2
Newport, RI 02840
Telephone: (401) 849-3040
Facsimile: (401) 849-4330

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd[t] day of April, 2006, I served by fax and by first class mail, postage prepaid, a copy of the within Memorandum to Objection to Motion to Dismiss to the following:

FAX (203) 773-5373
Victoria Shin, Esq.
Assistant U.S. Attorney
United States Attorney
District of Connecticut
157 Church Street
New Haven, Connecticut 06510

Sandra A. Johnson, Paralegal