Sayer Regan Thayer & Flanagan

ATTORNEYS AND COUNSELLORS AT LAW

March 15, 2006

Branch of Hearings and Review
Office of Workers' Compensation Programs
P.O. Box 37117
Washington, DC 20013-7117

Re: Case Number: 012030460
Employee: JOSEPH A. SWEENEY
Date: January 23, 2006

To Whom It May Concern:

As previously advised, this office represents Joseph A. Sweeney. We submit the following rebuttal to the Notice of Decision dated January 23, 2006 denying Mr. Sweeney's claim for workers' compensation benefits.

First, in the Notice of Decision, the Senior Claims Examiner, Joan C. Densberger, states that Mr. Sweeney was advised of the deficiencies of his claim and given an opportunity to provide additional necessary evidence in letters from the Office of Workers' Compensation Programs dated September 9, 2005 and October 31, 2006.

This office has been legal counsel for Mr. Sweeney since he filed a claim against the United States Navy in the U.S. District Court, District of Rhode Island on February 3, 2005. Additionally, on June 28, 2005 this office contacted the Newport Naval Station's Staff Judge Advocate (then Lieutenant Kevin Gerrity) and again informed him that we were counsel for Mr. Sweeney. Unfortunately, the letter dated September 9, 2005 was not sent to us as counsel for Mr. Sweeney. It was not until the Notice of Final Decision was received that we became aware of this letter and requested that a copy of it be faxed to this office.

Second, having reviewed the September 9, 2005 letter, it is apparent that Ms. Densberger was requesting information in this letter, as well as in her follow up letter dated October 31, 2005, which was clearly and comprehensively presented in the "Addendum to Federal Employees' Compensation Act (FECA)", (hereinafter the "Addendum"). This addendum had been previously submitted and Ms. Densberger acknowledged receipt.

Given the circumstances, it appears that the questions posed in Ms. Densberger letters are intellectually disingenuous. Moreover, it was clearly erroneous for Ms.

Densberger to support her denial of Mr. Sweeney's claim on the basis that such information was not received. The plethora of information provided in the Addendum is more than sufficient to substantiate Mr. Sweeney's claim for benefits.

In order to make this point clear, consider each of the questions posed in relation to the materials that Ms. Densberger had in her possession:

Ms. Densberger's September 9, 2005 Requests for Additional Information:

1. Why did Mr. Sweeney delay so long to seek care for his claimed condition?

The Addendum details a six page chronology of the intimidation, torment, isolation, derogatory remarks, embarrassment, humiliation, and unjust suspension of Mr. Sweeney beginning in June 2000, Mr. Sweeney's efforts to solicit help from the Navy to stop the abuse, and the Navy's failure to act. The abuses progressed to a point where in the spring of 2002, Captain Ruth Cooper, Commanding Officer at Naval Station Newport ("Cooper"), screamed and hollered at Mr. Sweeney, threw a binder at him, and had to be physically restrained from attacking him (see Addendum at p. 2). Mr. Sweeney's spiral downward in despair led him to the breaking point shortly thereafter, and he sought medical treatment from Dr. Heffner on June 28, 2002.

Ms. Densberger's request is based on her mischaracterization that Mr. Sweeney "delayed" seeking medical care and denies the reality of the facts and the nature of Mr. Sweeney's illness. The evidence is clear and convincing that Mr. Sweeney withstood the abuse until he could stand it no more. However, the fact is that mental illness is much more insidious than a broken bone. We allege that a denial of Mr. Sweeney's claim based upon Ms. Densberger's request for information is based upon the mischaracterization or chosen misunderstanding of mental illness.

2. Provide all relevant details of any prior emotion conditions and/or psychological disorder which you have experienced.

Dr. Heffner's detailed medical report of his treatment of Mr. Sweeney, attached as Exhibit 12 to the Addendum, states clearly the following: "*Psychosocial history reveals that prior to the onset of difficulties in his workplace and in particular, difficulties with a superior, he had functioned well within normal limits in all areas of his lie, work as well as social*".

In addition, Dr. Heffner's Psychological Assessment - Treatment Summary and Recommendations, also attached as part of Exhibit 12, includes under *Chief Complaint* that in response to the hostility at work, "...Mr. Sweeney acknowledge that at times, when the levels of depression, anxiety and anger came close to becoming intolerable, and he became overwhelmed with those feelings, he had considered that option [suicide] as a way to end his misery. *Mr. Sweeney denied ever having similar thoughts earlier in his life or for that matter of ever previously experiencing his present level of depression and anxiety.*

Consistent with the information stated in Dr. Heffner's report, Dr. Gallo's record of his treatment of Mr. Sweeney dated April 22, 2004 reveals that under the provision for *Past Psychiatric History*, which included dates, conditions, medications, treatment, and outcome, is clearly limited to *counseling for the past 1 ½ years*, which clearly refers to Mr. Sweeney's counseling with Dr. Heffner.

Clearly, Ms. Densberger had sufficient evidence which established that Mr. Sweeney did not have any prior emotion conditions and/or psychological disorder. It was wrongly overlooked. If indeed, Ms. Densberger actually read the Addendum and the attached exhibits.

3. Have you ever been hospitalized for an emotional condition or psychological disorder? This question is answered, as explained above, in Exhibits 12 and 13 of the Addendum.

4. Dr. Gallo prescribed Lexapro, Ambien, and Levitra on April 22, 2004. Are you taking or have you ever taken any other medication for an emotion condition of psychological condition. This question is answered, as explained above, in Exhibits 12 and 13 of the Addendum.

5. Provide copies of all pertinent medical records from your treatment with Dr. Gallo and from any other provider by whom you have been treated for an emotional and/or psychological condition. These records are attached in Exhibit 13 to the Addendum.

6. Please provide the medical reports for treatment from November 2002 to June 2003. These are attached as Exhibit 12 and 13 of the Addendum.

7. Please provided medical report from Dr. Gallo describing symptoms, diagnosis, treatment and medical opinion as to the cause. The medical report of Dr. Gallo, including his Adult Psychiatric Evaluation was attached as part of Exhibit 13 of the Addendum provides all of this information. The symptoms are noted as: "depressed/anxiety, obsessive thoughts, lack of sleep, lack of motivation, no libido; the diagnosis is noted as "post-traumatic stress disorder and major depression"; the treatment includes medications for sleep, anxiety and depression; and, the cause is "occurred while working for Navy."

Similarly the subsequent requests from Ms. Densberger in her letter dated October 31, 2005 is indicative of the fact that she did not read the evidence in the Addendum and attached Exhibits, especially when reviewed in their totality. In the case of the October 31, 2005 requests, the Navy is in possession of all of the information requested. Specifically provided in the Addendum were the reasons for Mr. Sweeney's 10 day suspension effective September 18 – October 1, 2002, the reasons for Mr. Sweeney's removal as Traffic Court Judge, and the nature of a Commanding Officers Conference at Naval Station Newport, in June 2002.

Lastly, I am enclosing for your review, the following medical bills that were received from Mr. Sweeney's treating physicians, after our original filing:

1. Dr. Gallo, West Bay Psychiatric Associates: $1,350.00 (4/22/04 through 8/5/05)
2. Dr. Heffner, Clinical Counseling Associates: $6,975 (June 2002 through October 2005)

Please note also the attached memorandum from Dr. Gallo in which his diagnosis for Mr. Sweeney is post traumatic stress disorder, which he causally relates to the stress that occurred while he worked at the Navy. He further notes that his opinion is to a reasonable degree of medical certainty.

We respectfully request that the Appeal Board review the evidence, including the above-medical bills, and find that it is reliable, probative and substantial in support of Mr. Sweeney's claim for benefits.

Sincerely,

M. Elizabeth Stachura, Esq.

MES:saj
Enclosures